UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LEIF BOUSKILL, Individually and as Sole Custodian of JMB, JMB, and BELINDA ESPINO, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| vs. | ) ) | CAUSE NO. 3:11cv476 RLM-PRC |
| INDIANA DEPARTMENT OF CHILD SERVICES, FAMILY AND CHILDREN'S CENTER, BARBARA J. GERACI, | ) ) ) ) | |
| Defendants | ) | |

O R D E R

A child and his parents brought this suit against the Indiana Department of Child Services and one of its caseworkers, and the Family and Children's Center, asserting federal and state claims based on events that occurred in custody and Child in Need of Services proceedings in state court. Family and Children's Center removed the case to this court, and all defendants now move for summary judgment. For the reasons set forth below, the court holds that the Eleventh Amendment bars any federal claim against the state DCS and its caseworker in her official capacity, that the caseworker is entitled to qualified immunity on any federal claim against her in her individual capacity, and that the Family and Children's Center wasn't acting under color of state law. The court also holds that once summary judgment is granted on all federal claims, the court should relinquish its jurisdiction over the state law claims. The state law claims

are remanded to the Elkhart Superior Court, which should be able to address them without further delay.

Summary judgment is proper if, and only if, there is no genuine issue of fact for trial and the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The motion's opponent must show that there is enough evidence that a trier of fact reasonably could return a verdict in its favor. Liu v. T & H Mach., Inc., 191 F.3d 790, 796 (7th Cir. 1999).

The plaintiffs pursue their federal claims through 42 U.S.C. § 1983, which subjects to liability only those who were acting under color of state law. Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982). The Family and Children's Center contends, and the plaintiffs concede, that the plaintiffs can't prove that the Family and Children's Center was acting under color of state law in any of the actions the plaintiffs allege. The Family and Children's Center is entitled to judgment as a matter of law on the federal claims against it.

The plaintiffs also sue the Indiana DCS and its caseworker (Barbara Geraci) under § 1983 for constitutional violations. The Eleventh Amendment prevents an action in federal court against a state agency or state officials sued in an official capacity, Leavell v. Illinois Dep't of Natural Res., 600 F.3d 798, 808 n.6 (7th Cir. 2010) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989)), so the Indiana DCS and Ms. Geraci (to the extent she is sued in her official capacity as a caseworker) are entitled to judgment as a matter of law on the federal § 1983 claims against them.

The Eleventh Amendment doesn't prohibit a damages suit against a state official sued in her individual capacity, but the defense of qualified immunity can protect such officials from suit. The law provides qualified immunity to governmental actors performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Sallenger v. Oakes, 473 F.3d 731, 739 (7th Cir. 2007). The qualified immunity doctrine allows recoveries for irresponsible uses of power while allowing those who perform their duties reasonably to be free from suit. Pearson v. Callahan, 555 U.S. 223, 231 (2009). A qualified immunity claim requires a court to decide whether, when ordinary summary judgment standards are applied, (1) the officials' conduct violated a constitutional or statutory right, and if so (2) whether, at the time of the violation, the right was so clearly established that a reasonable official would know the conduct violated that right. Saucier v. Katz, 533 U.S. 194, 201-202 (2001); Catlin v. City of Wheaton, 574 F.3d 361, 365 (7th Cir. 2009).

The plaintiffs haven't been able to articulate a specific (and distinct from very general) constitutional right Ms. Geraci is alleged to have violated, or to identify any case law at all that would show that the right she is said to have violated was clearly established in 2009. Ms. Geraci is entitled to judgment as a matter of law on federal claims against her in her individual capacity because of qualified immunity.

All defendants' entitlement to judgment as a matter of law on the plaintiffs' federal claims doesn't end the suit because the plaintiffs have a variety of claims under Indiana law. A federal court has the authority to retain jurisdiction over state law claims after all federal claims have been resolved, Whitely v. Moravec, 635 F.3d 308, 311 (7th Cir. 2011), but district courts ordinarily should relinquish jurisdiction so state courts can resolve state law claims. Davis v. Cook County, 534 F.3d 650, 654 (7th Cir. 2008); Wright v. Associated Ins. Co., 29 F.3d 1244, 1251 (7th Cir. 1994). The courts recognize three exceptions to that rule: when a statute of limitations would keep a new suit from being filed in state court; when the expenditure in federal court of substantial judicial resources would produce substantial duplication of effort in state court; and when the state law claims' outcomes are absolutely clear. Sharp Electronics Corp. v. Metropolitan Life Ins. Co., 578 F.3d 505, 514-515 (7th Cir. 2009).

No statute of limitations will come into play. This suit was filed in the Elkhart Superior Court before being removed to this court in December 2011, so the plaintiffs won't need to start a new suit.

The defendants rely on the second and third exceptions in arguing that this court should retain supplemental jurisdiction. As to the second, they argue that they have been here for two years, discovery is complete, and the summary judgment motions have teed up the issues for resolution. Sending the case back to state court, they argue, would be contrary to principles of judicial economy. This court disagrees, for three reasons.

First, the case has been in federal court for two years because the defendants didn't seek judgment on the federal claims for 21 months after they removed the case from Elkhart Superior Court. The defendants say they had to wait for discovery to be completed, but this court doesn't see why that would be. No discovery was needed to show that the Eleventh Amendment prohibited federal claims against a state agency and a state official sued in her official capacity, or that Ms. Geraci was entitled to qualified immunity on any individual claim because whatever right she might have violated wasn't clearly established in 2009, or that Family and Children's Center wasn't acting under color of state law.

Second, there should be no duplication of judicial effort if the state law claims are remanded. This court has ruled on a few procedural motions — for more definite statement, for extensions of time — that won't be repeated in state court. Discovery is complete, so the state court won't need to handle (or even allow time for) discovery. And the summary judgment motions now before the court address the state law claims, so the state court shouldn't need to do more than simply hold a hearing and decide. The decision might not be easy, but it won't amount to any duplication of effort.

Third, interests of judicial comity can surpass interests of judicial economy. For the reasons set forth in discussion of the third exception, this is such an occasion.

The defendants say this court should decide the state law claims because the outcomes are absolutely clear. A court that deals more regularly with the

5

Indiana laws governing this case might agree, but absolute clarity isn't apparent to this court. At least one, and perhaps more, of the plaintiffs' claims appear to require resolution of questions of first impression. Such questions should be left (when possible) to an Indiana trial court rather than a federal district court, with any appeal going through the Indiana appellate courts rather than through a federal appellate court in Chicago.

This isn't to say that the outcome won't be entirely clear to a state judge on remand, given the state judge's greater familiarity with the law governing the remaining claims. This court expresses no opinion one way or another, other than to say these are questions of Indiana law best resolved by the Indiana courts.

For these reasons, the court GRANTS the defendants' summary judgment motions in part and denies them in part (Doc. No. 67). The court grants judgment to all defendants on all federal claims, relinquishes jurisdiction over the state law claims, and remands the state law claims to the Elkhart Superior Court No. 1.

SO ORDERED.

ENTERED: November 26, 2013

    /s/ Robert L. Miller, Jr.

Robert L. Miller, Jr., Judge

United States District Court